# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-40757
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 20, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ISMAEL VASQUEZ-FONSECA,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:16-CR-318-1

Before KING, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Ismael Vasquez-Fonseca was convicted, pursuant to his guilty plea, of illegal re-entry into the United States following removal. He was sentenced above the Guidelines range to 30 months of imprisonment. Vasquez-Fonseca now challenges his sentence, contending that the district court erred by imposing a sentence above the applicable Guidelines range. We AFFIRM.

---

[*] Pursuant to Fifth Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Fifth Circuit Rule 47.5.4.

No. 17-40757

At sentencing, the district court imposed an upward variance[1] based on several of the 18 U.S.C. § 3553(a) factors, including Vasquez-Fonseca's extreme behavior and dismissed or uncharged conduct; the need to promote respect for the law; the need to deter Vasquez-Fonseca from future criminal behavior; and the need to protect the public.  In discussing the § 3553(a) factors, the district court expressed concern over Vasquez-Fonseca's prior repeated re-entries into the United States, which culminated in several deportations or removals.  Because of these repeated re-entries and the § 3553(a) factors, the district court imposed an above-Guidelines sentence of 30 months in custody without supervised release.

Because Vasquez-Fonseca did not object to his sentence, we review for plain error.  *See United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008).  To demonstrate plain error, Vasquez-Fonseca must show a forfeited error that is clear or obvious and that affects his substantial rights.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he makes such a showing, we have the discretion to correct the error, but only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings."  *See id.* (citation omitted).

Vasquez-Fonseca argues that the district court erred by imposing a non-Guidelines sentence based on the conclusion that his criminal-history category under the Guidelines did not appropriately reflect the gravity of his multiple prior arrests and convictions.  According to Vasquez-Fonseca, the district court

---

[1] Vasquez-Fonseca is incorrect in referring to his sentence as an upward departure, as it is clear from the record that the district court imposed an upward variance from the Guidelines range. *See United States v. Smith*, 440 F.3d 704, 706–07 (5th Cir. 2006).  Prior arrests cannot be the sole basis for an upward departure. *See United States v. Jones*, 444 F.3d 430, 434 (5th Cir. 2006).  However, we have upheld an upward *variance* pursuant to 18 U.S.C. § 3553(a) that was based in part on a consideration of prior arrests. *See United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir. 2008).

No. 17-40757

impermissibly considered prior arrests that did not result in convictions in order to enhance his sentence.

In *Lopez-Velasquez,* 526 F.3d 804 (5th Cir. 2008), we held that the district court did not abuse its discretion in considering the defendant's 11 prior arrests when upwardly varying from the Guidelines range pursuant to § 3553(a).  526 F.3d at 807.  Moreover, "[i]t is well-established that prior criminal conduct not resulting in a conviction may be considered by the sentencing judge." *Id.*  Here, the district court based the upward variance not only on a § 3553(a) consideration of Vasquez-Fonseca's unprosecuted illegal re-entries but also on other § 3553(a) factors such as deterrence from further criminal conduct and the protection of the public.  Vasquez-Fonseca fails to demonstrate that the district court clearly or obviously erred by considering information in the PSR regarding prior unprosecuted criminal conduct.  *See id.*

To the extent that Vasquez-Fonseca argues that a lesser sentence would have been sufficient to satisfy the sentencing objectives of § 3553(a)(2), his contention amounts to a request for a re-weighing of the sentencing factors.  This we will not do.  *See United States v. McElwee*, 646 F.3d 328, 343–44 (5th Cir. 2011).  In addition, although Vasquez-Fonseca's sentence is 16 months above the top of the advisory Guidelines range, we have upheld greater variances.  *See, e.g., United States v. Key*, 599 F.3d 469, 471, 475–76 (5th Cir. 2010); *United States v. Jones*, 444 F.3d 430, 433, 441–42 (5th Cir. 2006).  Accordingly, under the totality of the circumstances and given the significant deference due a district court's consideration of the § 3553(a) factors, Vasquez-Fonseca has failed to demonstrate that the non-Guidelines sentence imposed constitutes error—whether plain or otherwise.  *See Puckett*, 556 U.S. at 135; *McElwee*, 646 F.3d at 337, 344; *Brantley*, 537 F.3d at 349.

AFFIRMED.